**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 28, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50812
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO ARMENDARIZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(3:04-CR-269-ALL-PRM)
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Ricardo Armendariz pleaded guilty to the first and second counts of an indictment charging him with importation of a controlled substance and possession of a controlled substance. The probation officer determined that Armendariz was a career offender for purposes of U.S.S.G. § 4B1.1(a) & (b) (2003). Armendariz's objection, based on Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), was overruled, and he was sentenced to concurrent 84-month terms of imprisonment as well as concurrent four-year periods of supervised release.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After Armendarez filed his initial brief but before the government submitted its brief, the Supreme Court issued its decision in United States v. Booker, 125 S. Ct. 738 (2005), applying its Sixth Amendment holding in Blakely to the United States Sentencing Guidelines ("U.S.S.G."). Armendariz contends that, under Blakely and Booker, the district court erred by increasing his guideline sentencing range on the basis of facts neither admitted by him as part of his guilty plea nor found by a jury beyond a reasonable doubt. Armendariz argues that, in determining that he was a "career offender," the district court was required to find that: (1) he was at least 18 years old at the time of the instant offense; and (2) he had at least two prior controlled-substance convictions.

Although Armendariz preserved error as to the determination of the first of these facts, any error in determining that Armendariz was older than 18 at the time of the instant offense was harmless. See United States v. Guevara, 408 F.3d 252, 261 (5th Cir. 2005) (indicating that factual question of defendant's age implicates rule in Booker); see also United States v. Piniero, 410 F.3d 282, 284–85 (5th Cir. 2005) (reviewing Booker issue for harmless error). Armendariz admitted at the change-of-plea hearing, on March 24, 2004, that he was 41 years old. The instant offense was committed on January 16, 2004. Armendariz necessarily had to have been older than 18 years old on that date.

Armendariz did not preserve error as to the question whether the district court erred in finding that his predicate convictions were controlled-substance offenses. Even if we assume arguendo that the district court plainly erred in making this determination, see Guevara, 408 F.3d at 261 (question is undecided), Armendariz cannot show that his substantial rights were affected: The record contains no indication whatsoever that the district court would have sentenced Armendariz differently under an advisory sentencing scheme. See United States v. Mares, 402 F.3d 511, 521 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). The judgment of the district court is, in all respects,

AFFIRMED.